The Honorable, the Judges of the United States Court of Appeals before the 4th Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals before the 4th Circuit, are admonished to draw not and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Thank you very much. Please be seated and good morning to everybody. We are ready to hear argument in USA v. Waller. Mr. Bryant, when you're ready. Thank you very much. Good morning, Your Honors, and may it please the Court. The question presented in this case has already been answered by this Court on numerous occasions. A district court commits reversible procedural error when it imposes a sentence without an analysis of the 3553A factors and, in particular, the relevant guideline range. That is precisely what happened in this case and why this Court must vacate and remand You're not arguing that he didn't look at the 3553A factors, are you? Well, you're arguing about the policy statement. Only about the policy statement. In particular, yes. Now, I want to get beyond that. Where do you argue anything other than the policy statement? Which is one of the 3553A factors that the Court has to refer to. So it's only the consideration of the policy statement, is that correct? That's all that we focused on in our argument yesterday. Okay, that's all you argued. Okay. Okay. And that is, however, we feel the most fundamental aspect Well, it may be. I was just getting straight on what you're arguing. As I understand your appeal, as I read your briefs, is that the judge did not consider the policy statements. That's correct. Although, we would note that there's no countervailing additional explanation of other factors that might weigh against a lack of explanation of that particular factor, which, again, we feel is the most important and fundamental. But if the policy statement range had been on the record and the District Court had considered it, the sentence would otherwise, 18-month sentence would otherwise be reasonable? We would disagree with that, Your Honor. I don't believe that the sentence would be, well, it would be reasonable if there were an adequate explanation to support that. Right. I'm not trying to get you to concede that point. There's just a sense here that what we have is the possibility of empiric victory because there's no reason that the District Court couldn't impose the same sentence and simply put the policy statement range on the record. Well, two responses to that. First, it's more than simply mentioning on the record.  But the question is, I think, you aren't asserting substantive unreasonableness. You're saying procedural unreasonableness. Isn't that correct? That's true. And, of course, if there's a procedural error, this Court won't even get to the substantive reasonableness. However, I will say it's possible that the Court could reach the same sentence. The Court was pretty annoyed. I think that's a fair statement. But pretty annoyed doesn't necessarily and automatically equal a sentence that's twice the height of the guideline range. And so while the District Court could justify that sentence if it provided certain reasons, we would say that this is not an exercise in futility because in a lot of these cases where this Court has vacated and remanded. And I apologize if I suggested it was an exercise in futility. No, no. I didn't take that. The result could very well come out to be the same. Well, that's possible, but we don't think that is necessarily so, particularly because there are a number of mitigating factors here. And the Stallins case that we rely on, we think is very indicative. Let's look at the core of your argument. I'd like to set up the framework so we can focus on that. As I understand your argument, it goes like this, and I think sort of repeating the law as we do it, that the Court has to consider the policy statements in handing down its sentence, correct? Yes, Your Honor. And that is the core of your appeal, procedural unreasonable sentence, isn't that correct? Yes, Your Honor. Okay. But now let's look at this. We know that the Court knew what the guideline, I mean the policy statement was, correct? I don't think I'm prepared to concede that. But it was stated in his presence. At one of the earlier... In fact, two years earlier. Two years earlier, which is not a guarantee that the range never changes, or that the circumstances would be the same. And the appeal that we're bringing... Let me ask you this, Moss. It may not be, is it in the record, did the range change? No. But there's no indication that the District Court considered it. We don't know. We can't say... I'm not asking about considered now. I'm saying it's clear that in one part of this process, the three to nine months was clearly in front of the judge. It was mentioned in passing, yes, Your Honor. It wasn't mentioned in passing. It was mentioned. He didn't respond to it. That's right. Unless he was asleep, he heard what was said. That's fair enough. We mean certainly no discrepancy. Right. And the defense didn't object to that being in the range. No. It's not really a range, I think. It's a policy statement number, but whatever that is. Now, the government says, I think in their brief, that there was a worksheet. Is that correct? That's correct. That is correct? We have this dispute over... Did both sides have the worksheet? Yes. I'm just asking, is it practically said that the worksheet goes to the judge too or not? My understanding, and my colleague Mr. Wagner from the trial court can clarify if I'm wrong, but my understanding is, yes, the probation officer typically hands it to the district judge, but there's certainly nothing on the record that would indicate the depth of the judge's consideration of that. And so I think I don't want to speak for all judges. In other words, this is what it looks like. The judge knew on the record all the parties are in the presence of it being said what the range is, three to nine months, at the earlier hearing. Yes. Nobody objected to that or commented to the contrary, and at least by the practice of that court or district, everybody had a worksheet reflecting those numbers. That's my understanding. And again, I don't know if that's the case in every district court. No, I'm talking about in this case. My understanding is that the judge has handed it, and we can't say for sure whether the judge read it. I know, but we know that. So now your argument is, and we do know, too, don't we, that the consideration of the policy statements need not be explicit. Correct. Well, not explicit in the sense of perhaps giving the citation or the ritual incantation of it, but it has to be meaningful to demonstrate to everyone present and to this court on appeal that the judge has weighted in its analysis in reaching the ultimate sentence, and that's especially the case here where the sentence is double the high end of the range, and we're not entirely sure where that number came from because the judge did not tie it to the 3553A factors. And how much weight, let me just ask you this, I think we have the law clear, but how much weight does a policy statement carry when it carried basically none before when the guidelines were mandatory? How much does a policy statement carry when the guidelines are merely advisory? Well, I don't think that an advisory guideline necessarily carries no weight. I asked you, I said, how much weight does it carry? It carries almost none, does it? I would respectfully disagree that it's that little. I think that this is the considered judgment of the Sentencing Commission, and Congress in 3553A has directed district courts to consider it. We can't quantify that. Do you think it carries less weight now on the sentence than it did when the guidelines were mandatory? Or more weight? Maybe the same, because these policy statements were always advisory even when the rest of the guidelines were mandatory, so I'm not sure that that practice has necessarily changed. But my point is, it's a policy statement in a mandatory sentencing system versus a policy statement which is not even binding in any way for the calculations in the advisory guidelines. Well, I understand the Court's point, and we're certainly not saying that it should be binding or that it should be the only factor or necessarily the dispositive factor, but it is an important factor, perhaps the most important in certain cases. How do we judge? So that brings me to the question that I'm most interested in. Other judges will ask other questions, I'm sure. We know it was in front of the Court, at least at some point. We know likely, not only was it in front of the Court, but it had been a worksheet that everybody had that came to that number. And would it make any difference to your argument if the worksheet had been in the record in this case? In this case, no. Okay, okay. And so we know the judge had it in front of him, and we know that the judge's consideration can be implicit under Fourth Circuit law. But what do we do in this case where a judge, we don't presume a judge ignores what's in front of him, but what more at a minimum must a judge do to satisfy your view of the law? Well, respectfully, Your Honor, I'm not sure that I would say that the consideration can be implicit. I was wondering why you let that one slide by. Well, I wasn't going to interrupt Judge Shedd, certainly. A wise thing. It may not be wise to disagree with me either, but go ahead. Again, we don't think that the judge has to make an explicit reference to, for example, a citation of a particular policy statement, but there has to be an express and explicit consideration on the record of the 35 to 35 percent driving incentive. Doesn't U.S. v. Davis indicate at the Fourth Circuit that consideration can be implicit? Well, I'd like to deal with Davis. I have two responses to that. The first is— Well, answer my question first. Okay. I think the issue there was really about whether the specific language of the policy statement made it onto the record, and perhaps even as particular as the citation, where it was clear, at least from the Davis— Let me read this to you. The fact that the district court did not mention the three to nine months range provided by the policy statement is not dispositive. A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if, as in the case at bar, the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling. But on the fact—two things. By the same token, even if a ritualistic incantation isn't necessary, it's also not sufficient for a judge to merely— I didn't say that. I didn't know. My question I've asked you is, and what this one question came from, is your suggestion that the Fourth Circuit, that the statement and consideration of the policy statements has to be explicit in the record. Not—no, not in the sense of the mere mention of three to nine months. Although, in fairness, it was implicit on those facts because the sentencing worksheet was in the record where the range was cited repeatedly, and Davis' counsel repeatedly stated the range in his oral and written arguments. Right. Whereas here, the only thing we have is the mention of it two years earlier. Right, by the government. But that goes to the point—that doesn't go to the point that it has to be explicit. That goes to the question of what is sufficient for us to see that being implicit is satisfying. Isn't that correct? And that was going to be the next question. I thought that's what I was asking you. Well, I want to be very clear about the scope of our argument. We're not saying that a district judge has to say the words three to nine months on the record. That can be implicit. What cannot be implicit, and what this court and the Supreme Court have said over and over, is that there has to be a consideration on the record, and consideration is more than merely referencing something or mere awareness of something. It has to be a meaningful grappling with the range and explanation of how that fits in with its weighing of the other factors. If he'd said in this case, I know it's three to nine months. They don't bind me, and I don't think it's sufficient for what you did, would that be satisfactory? We would argue that that would still be procedurally unreasonable, but I would acknowledge that it would be difficult to establish that that's harmful, plain unreasonableness error. I think we'd have a difficult appeal in that circumstance, but I still think that that would not be sufficient just in and of itself, a mere mention. I don't understand that. You think it would be sufficient under the law, but you don't like it? No. Or you don't think it's sufficient under the law? I don't think it would be sufficient just to say, just to incant the guideline range. I didn't incant. My hypothetical was, I know the policy statement say three to nine months, but in this case, that's not appropriate. It's not enough. I think if the judge went on to say why that's not enough. No, that's all he said. Well, I think in that case. That wouldn't be enough. I would say that's not enough. We would have a tougher case, but that's not what we have because there wasn't even that much in this case. And I would like to just say briefly that if the court does decide that this worksheet is part of the record, that we would appreciate some guidance about exactly how that should be treated in the district court because it's a little unusual for something to be in the record on appeal but not in the record in the district court. And so that's why we filed our motion to strike, mostly to clarify the exact parameters of the record we have before us. So unless there's anything else at this time. Do you have any questions? Thank you. Thank you very much. Thank you. Thank you so much. Okay, Miss Siebert. May it please the court. My name is Eric Siebert. I'm here representing the United States of America. Why isn't this procedural error? Well, Your Honor, it's not plainly unreasonable because the district court was implicitly considered the policy statement range. How do we know that? If you focus in on the language of Davis as the court. That won't be responsive for me because the facts were so distinct in Davis. How on these facts is it implicit? Well, there's a wide spectrum of potential sentences put on the record by the parties. The United States asked for 24 months. The defense asked for an extraordinary sentence, which was home incarceration, no imprisonment at all. So the court had a wide spectrum to choose from. Previously, it had two separate cases where it continued the hearing, the sentencing, to give the defendant a chance. And the court explicitly rejected the extraordinary recommendation of the defense. Are we moving in a direction of consideration of the policy statement range? Yes. Well, and the court focused on the middle. It focused on 18 months when the stat max was 60 months. So I think those give indication, if you focus on the language in Davis, that it's sufficient if district court rules on issues fully presented for determination. That's the language Davis used, and that's the language that this court could find consideration. Because in the court's ultimate ruling in this case, it focused on 18 months. It referenced earlier violations and, as I said, explicitly rejected the extraordinary. You agree, don't you agree, that the record could be more clear on the consideration? Oh, absolutely. In fact, it could be on the record. I mean, we probably wouldn't be here if we had some evidence in the record of the sentencing hearing. Yes, Your Honor, that is correct. The United States put on the record at the first hearing. In two years earlier. Correct, Your Honor. But this is still the same case. The court had not sent it. All I'm just all I'm suggesting is this could have been so easily remedied. I agree, Your Honor. However, it's sort of an artificial view of the case now in that there's a worksheet, as Judge said indicated, there's a worksheet before all the parties. I indicated that because you indicated that, didn't you? You said that in your brief. Well, I will indicate it then, Your Honor. No, but I'm saying that's where I got it from because you said it in your brief, didn't you? Yes, Your Honor. And then we had to ask for it because it wasn't a part of the record or didn't appear to be a part of the record. Well, Your Honor, at no time did the defense challenge that assertion by the United States in its brief. Their argument is that it wasn't considered by the court or filed with a district court clerk. Didn't seem necessary to file the actual worksheet itself when the defense has conceded that it was before the parties at the hearing. But I know the standard can't be the perfect, can't be the enemy of the good. But you've conceded, I think you've conceded, certainly you've agreed that the judge could have been more clear or maybe even explicit on the record. But what do we do in the case when, which is what we have here? I want you to give me your, I know what the answer is going to be, but I want to hear your analysis in which it appears perhaps, but first of all, I think a reasonable view is that the judge knew the three to nine months. Earlier, a couple years earlier, but it was a continuation of that same person. It was actually given this person chance after chance is what he was doing. And although, and I'm just saying that the facts, I want your response. He didn't rule explicitly. It's clear, I think it's clear from the record. He knew exactly who this was, exactly what this person had done. And so what do we do with just that information? Looks like he knew the policy statements, and it looks like he clearly knew individualized this person, but there's nothing more to show us beyond that. Do we assume something? Do we not assume something? What do we do? Well, Your Honor, I say we look to Davis, which says that if the district court rules on issues fully presented for determination, and the issues in this case were fully presented for determination. If you look at the United States arguments over the course of three hearings, you look at the defense attorney's arguments over the course of three hearings, and you look at the district court's explanation, which is detailed, and cites that they considered all the reasons put forth by the defense attorney. If I look at Stallings and believe that that was the appropriate analysis, can I agree with your position here? And if so, how? How would I do that if I think Stallings is correctly reasoned? Yes, Your Honor. Stallings never says that consideration has to be explicit. That is not ever mentioned in Stallings, and Stallings is an unpublished opinion. I understand that, but I asked you if I think Stallings was correctly reasoned. Is there a way for me to agree with you while adhering to my belief that Stallings was correctly reasoned? Well, yes, because as the defendant concedes, and this court, the unpublished opinion, if the worksheet is presented to the parties— The worksheet is not in the record. It's not on the record. It's not in the record. And Stallings specifically says it was unreasonable where the district court failed to indicate any consideration of the policy statement range for revocation sentences, and there was no sentencing worksheet on the record. There's other unpublished— It's facts far more similar to this case than Davis. Well, I think there's, first off, Green, the unpublished opinion in Green— Well, we're still talking about Stallings right now. The question was, if Judge Davis agrees with Stallings, can you win or do you lose, I think was the question. Well, there's more indication of consideration in this case than there is in Stallings. The probation officer's worksheets the defendant conceded was before all the parties. That is not in Stallings. The wide spectrum of potential sentences available for the court was on the record, and the court chose an 18-month sentence and rejected the extraordinary recommendation by the defense. That's not in Stallings. You also have evidence of the court in this case considering other policy statements, although not the range itself, which is not in Stallings. And there's the policy range on the record all but two years earlier, but that is not in Stallings also. So I think there's multiple indications of consideration in this case that were not in Stallings. Which ones matter? I mean, you just went through, like, a list of six items, almost like a grocery list. You're telling me, well, this is different from Stallings and this is different from Stallings, but now tell me what matters. Well, they all matter, Your Honor, because, as I stated before, the wide spectrum of potential sentences shows the court considered and thought about the sentence they were given because the defense offered a no-incarceration sentence. The United States offered a 24-month sentence. There was a 60-month stat max. How does that distinguish this from Stallings in some material, meaningful way? Well, it's thoughtful analysis by a district court judge after three hearings of which is not available in Stallings. That was a stat max by a district court judge on the first hearing, visibly upset or upset about the defendant drug dealing. The judge here was pretty upset, too. I'm also waiting analytically what makes a difference. What factors can we take here that show a greater probability? And I take it the one that I'm hearing you refer to is, again, the March 2011 hearing. Well, the policy statement on the range, we'd have to assume that the district court forgot or didn't remember the earlier statement on the range. Right, the 2011 hearing. Yes. Well, there was two, Your Honor. There's a March and a July hearing. So there was two hearings. The first one is when the policy statement was put on the record. The July one isn't in play. As far as the policy statement. Right. Correct. And that's not available in Stallings. So I think that matters. Are we to just assume that the district court forgot, even though it's the same case? Well, why should we have to assume? I think the point of Stallings is that we shouldn't have to make assumptions. We need some indication on the record that it was considered. And in Davis, you had a lot more basis underlying the assumption of an implicit consideration than you have here. Well, that's true to an extent, Your Honor, but I still don't think Stallings is the controlling set of law.  I don't think that's the case that we should force the district court the standard to be under. No, my question only followed up on your suggestion about what we can assume. And my question simply went to the fact that the point of having the analysis on the record is to keep an appellate court from having to assume. Or guess what was in the district court's mind. Excuse me, Judge Duncan. And in fact, to keep appeals out of here. We love appeals. We don't mind the work. We don't always love appeals. We don't mind the work. But the whole point of all of this stuff is let's not do this with an attitude that it's good enough for government work. This is a great district judge. Fantastic district judge. Great U.S. Attorney's Office. What I think we're saying is just do it right. Just cross the T's, dot the I's. Counsel conceded. We wouldn't even be here. And so what I think we're trying to say, you know, is look, everybody, just do it right. It's not heavy lifting. Just do it right. I think it's great when a district judge puts off a revocation hearing for two years. But it's not the same hearing. It's not the same record. We shouldn't have to assume that what was said two years ago is in everybody's mind. It's just so easy to do it right. And the only way we can communicate that, I think, realistically, is to send the cases back. Send them back. And that, in some measure, says to the U.S. Attorney's Office and the district judges, okay, Fourth Circuit wants us to do this right. Fourth Circuit wants us to cross the T's and dot the I's. I don't think that's too much to ask, really. Well, I would note, I'm not sure that counsel conceded that it wouldn't appeal the case. And I'd further say, I don't know, Judge Davis, but I pretty much guarantee as clear as it could be it wouldn't end all appeals. No, we don't want all appeals ended. And if counsel wants to appeal the substantive reasonableness of an 18-month sentence, absolutely. If the client instructs counsel to do that, counsel should do that. No question about it. Okay? But the district judge has got to explain that 18-month sentence. And has got to present a record that doesn't require us to assume something is true that may have been true two years previously. But let me ask this. Did the three to nine months change from two years before? Maybe other factors in the case changed. There's not any indication in this case whatsoever that that changed, is there? It did not change at all, Your Honor. And once again . . . So then it would be other things might change. But again, we're sort of arguing around the edges, I guess, somewhat. But don't you take from these series of hearings in the courtroom that this district judge knew exactly what was going on with this defendant? Yes, Your Honor. It's not one where he doesn't know the person's name or can't remember having had them before. But it looks like this judge, and he is a good judge, was right on top of the situation and knew that defendant and knew that defendant had been before. He'd given chances. So I think we take from that, it may not be enough, it might be enough, that the policy statement is clearly in front of him. I think it is. And that he knew and was individualizing his thoughts to this person.  That is correct, Your Honor. But what do we do with that? At what point is it enough? That's what we're all talking about. Clearly, it would be probably the best if the judge would just do it and say it and put it on the record explicitly. Or if the judge doesn't, then for the government to help. Yes, Your Honor. But under the defendant's own theory of the case, that may not have been enough. How we would assume that the district court... Well, let's just assume that that's not the case. At least for purposes of the analysis of the facts we have. Well, it's just sort of creating an artificial environment for the court when everyone has the worksheet in front of them. The court, obviously, is a very experienced judge. So what if it were a judge who's been on the bench two years? I mean, these are precisely the sorts of factors that we probably shouldn't have to be wrestling with. Or six months. Or two months. Or two weeks. Were you suggesting that experience was a requisite or was that just descriptive? I thought you were suggesting it was one of the factors. No, no, descriptive. I'm sorry, Your Honor. I'm sorry, you proffered that as this is an experienced judge who knew what was going on, who knew the case. It was descriptive. I apologize, Your Honor. I thought you were doing that in light of what the real-world environment was. But in a real-world environment, if the judge has been on the court for two days, if it's clear that he knows or she knows what the policy statement is, the experience and time on the court, does that matter? As to knowing what the guideline statement is? No, not for the purposes of this case, no. If it was clear from the record. Clear from the record, but that could be clear implicitly also. And that's the government's argument, is that implicit consideration is enough, and you can look at that in the court's decision, in the court's ruling. With little time left, I would like to move to the harmless error argument. An error in this case would not influence the result of the district court's length of time. And we know that how? Well, it was a very detailed recitation of arguments by the government and the defense. The defendant never made an argument tethered to the guideline range. They asked for outside the guideline range, which they call it extraordinary. And the district court gave very strong language, saying, I just cannot come up with, in my head, any rationale, any reason, and let me demonstrate for the record that I've considered those reasons are excuses put forth by Ms. Waller's counsel, but it's just not valid under the circumstances, and that's a joint opinion. For not revoking supervised release and imposing a term of imprisonment, correct? For accepting their recommendation of home imprisonment. The ultimate sentence was well below the statutory max. It was in between the parties' recommendations. And the sentence in this case was about the defendant's recidivism in face of earlier leniency. That's what the court focused on. It talked about, I want to take you back to your comment on the real world environment. From your experience, why is it that district judges aren't more explicit? Do you, is that, they don't do it? Do you encourage them to do it? Why is it that we do get cases where we're talking about the extent that something satisfies an implicit requirement or allowance? And from your real world experience, we've heard one answer might be to send it back and say, this is what you've got to do. We've told you repeatedly to do it. But why is it that judges don't do anything? Because it's the elephant in the room. Everyone knows that, and I'm answering the question. Right. Everyone knows. You think it's so clear to the district judge what he's doing that he doesn't have to be explicit on it? Yes, Your Honor. You have a worksheet. Everyone in the room has a worksheet that's before them. If there was an objection to that range by the government. Not objection to the range. I'm talking about why the court reaches and how the court reaches its determination of what to do in the case. I mean. Well, it focuses, because the policy statements are so advised, or I guess not so advised, but they're advisory, and so little weight is put on them, I mean, the court repeatedly says, use it for helpful assistance. What does that mean in particular? Would it be possible to just have a checklist for the judge or the government, to have a checklist to just make sure that, to use Judge Davis' phrase, all the T's were crossed and all the I's were dotted? Well, I wouldn't go that far, Your Honor. I just said would it be helpful. Oh, absolutely. I didn't say mandatory. It would be helpful. Isn't it a fairly simple matter to distill from the cases what the court looks for? Absolutely. If there was just a checklist. Let me say this. May I substitute another phrase for that? What's wrong with having a ritualistic incantation? Well, there's that, too. I was trying to make it easy. That's not required. That's what Davis says. It's not required, but it doesn't say it's improper. Well, Davis and the ---- But I'm just saying, that just gets to the point of crossing T's and dotting I's or an incantation or an explicit statement. What's wrong with having such a checklist and just doing it? Well, Your Honor, to tailor your question to my argument, the judges rely on Davis to say that you can be implicit in your consideration. And Davis says that they can be implicit. Right, but that isn't the question. The question is what's wrong with having a checklist so that no hoops have to be jumped through and we don't have to draw inferences? Is there something wrong with that? I don't think it hurts your argument to concede that there's nothing wrong with that. I don't think anything's wrong with that, Your Honor, but where do we stop would be the question on every aspect. Would there be anything wrong with having reminders of the pieces that need to be in a record for review on appeal? I agree, Your Honor. Seeing my time's up, if there's no further questions, thank you. Thank you very much. Mr. Bryant? Thank you, Your Honor. Just a few brief points, starting with the ending here with regard to a checklist. This reminded me of Rule 11 proceedings, the guilty plea comment quiz, and district courts have lists of all the things that they have to cover to make sure that a guilty plea is knowing and voluntary and valid, and this court continually reminds district courts. Do they have lists in your experience taken from case law, or do they literally have lists in front of them that they go down? I can't see the bench to know whether they're actually reading off a list, but I think in some cases there may be. But I think that is an analogy that we could use here, that there are factors that are in the rules and the statute and the case law, and courts have no trouble following those instructions, and I think that supervised release proceedings sometimes get treated with an air of informality that I think maybe slides a little too far, and it's helpful to have this court rein in a little bit that informality before it slides too far. And one phrase that my colleague used was that everybody knows, and so therefore we can assume what happened. I would disagree with that. The public doesn't know. Somebody sitting in the audience watching this sentence doesn't know. Well, his risk is that everybody up here doesn't know. Well, that's important, too, and I think that this court in some respects can step into the shoes of an observer of that argument, and that's why it's necessary to know what's in the appellate record. I don't know about that, because I think an observer sitting in that courtroom would know exactly what was going on, and they would have an almost perfect idea of why the judge – they would know it. It was three to nine months. At the February hearing? It hadn't changed. Nothing's changed. Well, Mr. Barry, how did the defendant preserve this error? By asking for a sentence below what the judge eventually imposed, and that's all under the Lynn case that is necessary to preserve it, and that brings me to a point that the government made that you – So let me just make sure I understand. So by asking for a sentence below – I guess my question is if the judge had sentenced within the guideline range, would you still have a Lynn? Would you still have preserved the error? Under Lynn, yes. So whatever you ask for preserves the error? If it's less than – So every defense lawyer should ask for probation in every case. I mean, I don't understand why they don't do that. If the only concern is preservation of the error, yes. Well, that's always a concern, right? Sure. That's a concern in every case. I think defense attorneys would also have an interest in maintaining credibility and getting a sentence that is appropriate for a particular case. To a certain extent, it's sort of a – I don't want to be pejorative, but the district court and the assistant U.S. attorney, there's a trap being laid for them in a sense. Again, I don't want to overstate this. I think that we're not taking issue with the Lynn case here. I think that that precedent is laid out. But I think when a defendant asks for a sentence that's lower than maybe what's on the judge's mind – District judges ought to – their antennae ought to go up, right? It triggers a responsibility on the judge to comply with what this court has said it has to comply with. And so this brings me back to one thing that the government mentioned, that just because the sentence that was ultimately imposed is between the extremes that were offered by the parties, doesn't necessarily mean that the judge complied with the necessary requirements because there's nothing in the language of what the judge said on the record that would be any different if the judge had picked 12 months. And there's nothing that indicates a weighing of the range in integrating that into his analysis of the sentence. And unless there are any particular questions at this time, I'm satisfied to submit them. We thank you very much. Thank you.
judges: Dennis W. Shedd, Allyson K. Duncan, Andre M. Davis